Matter of Kneedler (2018 NY Slip Op 00881)





Matter of Kneedler


2018 NY Slip Op 00881


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018


[*1]In the Matter of JENNIE LEAH KNEEDLER, an Attorney. 
(Attorney Registration No. 4345013)

Calendar Date: February 5, 2018

Before: Egan, J.P., Lynch, Devine, Clark and Mulvey, JJ.


Jennie Leah Kneedler, Arlington, Virginia, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Jennie Leah Kneedler was admitted to practice by this Court in 2005 and lists a business address in Washington, D.C. with the Office of Court Administration. Kneedler has applied to this Court, by affidavit sworn to November 3, 2017, for leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, contending that Kneedler is ineligible for nondisciplinary resignation because she has failed to fulfill her attorney registration requirements for the most recent biennial period beginning in 2017 (see Judiciary Law § 468-a; Matter of Levey, 155 AD3d 1300 [2017]; Matter of Lee-Davis, 154 AD3d 1272, 1272 [2017]; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1).
In reply to AGC's opposition, however, Kneedler has
submitted a supplemental affidavit, sworn to January 29, 2018, in which she attests that she is now current in her New York attorney registration requirements. Furthermore, Office of Court Administration records likewise establish that Kneedler has duly registered and cured any preexisting registration delinquency. Accordingly, with AGC voicing no other substantive objection to her application, and having determined that Kneedler is now eligible to resign for nondisciplinary reasons (see Matter of Westervelt, 156 AD3d 1316, 1316-1317 [2017]; Matter of Wilson, 153 AD3d 1027, 1027 [2017]), we grant the application and accept her resignation
Egan, J.P., Lynch, Devine, Clark and Mulvey, JJ., concur.
ORDERED that Jennie Leah Kneedler's application for permission to resign is granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that Jennie Leah Kneedler's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that Jennie Leah Kneedler is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and Kneedler is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that Jennie Leah Kneedler shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.